United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON PAGE,

    Plaintiff,

v.

C. ACOSTA,

    Defendant.

No. C 08-5707 MHP (pr)

**ORDER UPON INITIAL REVIEW**

## INTRODUCTION

Jason Page, an inmate at Pelican Bay State Prison, filed a pro se civil action in the Del Norte County Superior Court concerning conditions at that prison. Defendant removed the action to federal court because it presented a federal question based on the constitutional claims asserted by plaintiff. The action is now before the court for initial review of the complaint pursuant to 28 U.S.C. §1915A and for consideration of miscellaneous motions.

## BACKGROUND

In his complaint, Page claimed that sergeant Acosta endangered him by releasing certain information to another prisoner that, in turn, caused him to be stabbed. Apparently, a CDC-115 rule violation report was written for an incident on May 17, 2007, during which Page was attacked by inmate Thompson. (Page sued sergeant Willis in a separate action, Page v. Willis, No. C 08-5610 MHP, for failing to protect him from the May 17, 2007 attack.)

The complaint alleged the following: At some point between May 17, 2007 and December 2, 2007, sergeant Acosta showed the CDC-115 to inmate Thompson, who had

been charged with attacking Page.  That CDC-115 used Page's exact words rather than cloak him with anonymity in his accusations, such that a reader would understand that he had informed on Thompson for "sucker-punching" Page on May 17, 2007.   Inmate Thompson took the CDC-115 and showed it around to other inmates in a white supremacist gang, and demanded that the gang deal with this problem.  Complaint, p. 8.  The white supremacist gang, led by inmate John Rogers, agreed to deal with Page, and eventually had him moved to a cell with inmate Kevin Stark.  On December 2, 2007, Stark attacked Page, stabbing him in the chest, neck, ribs and back.  Id. at 9.  Plaintiff's complaint sought compensatory as well as punitive damages.

## DISCUSSION

A.   Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).  Defendant's motion for screening is granted; this order is the § 1915A screening.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In particular, officials have a duty to protect inmates from violence at the hands of other inmates.  See id. at 833.  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively,

sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. See id. at 837.

Liberally construed, the complaint states a § 1983 claim against sergeant Acosta for deliberate indifference to Page's safety in that Acosta allegedly disclosed information that caused Page to be in danger of attack from other inmates. When given the liberal construction that is required for pro se pleadings, the allegations that sergeant Acosta "committed/sponsored a attempted murder of the plaintiff, Jason Page, when by design Sgt. Acosta released confidential information to a CDCR prison gang member," Complaint, p. 6, suffice to plead knowledge of a risk that he would be harmed and deliberate indifference thereto. These allegations also suffice to plead a state law claim for negligence against defendant Acosta.

The complaint indicates that Page wants to include the California Correctional Peace Officers Association and its president as defendants because the correctional staff at Pelican Bay are members of that union. The complaint also indicates that he wants to include the "chain of command" at Pelican Bay as a defendant. None of these are proper defendants. The fact that an alleged wrongdoer is the member of a union does not support liability for the union or the union's president. Liability under § 1983 arises only upon a showing of personal participation by the defendant, and there is no allegation suggesting that the union or union's president had any role in the activities that caused the alleged deprivation of Page's rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). His attempt to make the "chain of command" a defendant fares no better because there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.

B. Miscellaneous Motions

Plaintiff filed a motion for appointment of counsel. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in

3

exceptional circumstances.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id.  Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1).  At this stage, the court is unable to see that appointment of counsel is necessary in this case.  Accordingly, the motion for appointment of counsel is DENIED.  (Docket # 7.)

Plaintiff filed a document entitled "summary judgment motion to appear, oral argument, Klingele notice," in which he asks the court to order prison officials to transport him to the courthouse so that he may appear in person at a hearing on a motion for summary judgment (although there is no such motion pending).  The motion is DENIED.  (Docket # 9.)  In prisoner cases, the matters are decided on the papers and oral hearings are not held unless specifically ordered by the court.  Of course, if a trial is necessary, the prisoner will be brought to the courthouse, but a trial is not imminent in this case.  Because the court decides motions by reading the parties' motions, oppositions and written evidence in support thereof, it is especially important that a plaintiff-prisoner take great care in preparing his filings, making his arguments and factual presentations as clear as possible.

Plaintiff filed a motion to compel discovery, describing various items and information he would like defendant to produce to the court.  The motion is DENIED because it is premature.  (Docket # 8.)  Plaintiff misunderstands the discovery process: he must personally submit the requests to defense counsel or third parties in compliance with Federal Rule of Civil Procedure 26 -36, and deal directly with defense counsel or the third parties.  The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the court.  See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties

4

have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37.  A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery.  The problem with plaintiff's discovery motion is that he has not made discovery requests on his opponent, let alone taken steps to attempt to resolve any disputes before seeking assistance from the court.   The denial of plaintiff's motion is without prejudice to plaintiff filing a motion to compel at some later date, but only after he has made discovery requests and has attempted to resolve any disagreements with opposing counsel before filing such a motion.

Plaintiff filed a "motion to proceed pre-trial conference," in which he asks that a pre-trial conference be scheduled.  There has not been time for discovery or dispositive motions, so it is far too early to set this case for a pre-trial conference.  The motion for a pre-trial conference therefore is DENIED as premature.  (Docket # 10.)

C.     An Answer Will Be Required

A defendant is permitted by 42 U.S.C. § 1997e(g)(1)  to "waive the right of reply" in a civil rights action filed by a prisoner.  That same section disallows relief for the plaintiff unless a reply has been filed.  The "reply" referred to in § 1997e(g) appears to be the answer to the complaint. However, § 1997e(g)(2) allows the court to require a defendant to reply to a prisoner complaint if the plaintiff has a reasonable opportunity to prevail on the merits.  The court now chooses to require defendant to file an answer so that this case will be at issue and ready for trial, and so that plaintiff will have notice of defendant's affirmative defenses.

**CONCLUSION**

For the foregoing reasons,

1.  Plaintiff has stated a cognizable § 1983 claim against defendant sergeant C. Acosta for an Eighth Amendment violation and a state law claim for negligence. The other defendants are dismissed. Acosta has been served and appeared in this action, so there is no need for the court to order service of process on him.

2.  Defendant's motion to screen the complaint is GRANTED. (Docket # 2.) This order does the screening contemplated by 28 U.S.C. § 1915A.

3.  Plaintiff's motions for appointment of counsel, to appear in person at hearing, to compel discovery, and to set a pre-trial conference are DENIED. (Docket #s 7, 8, 9, 10.)

4.  Defendant must file and serve an answer to the complaint no later than **June 12, 2009**.

5.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.  No later than **July 3, 2009**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, she must so inform the court prior to the date the motion is due.

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **August 7, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment

that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

  c. If defendant wishes to file a reply brief, she must file and serve the reply brief no later than **August 21, 2009**.

  6. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent.

  7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  IT IS SO ORDERED.

Dated: May 12, 2009

                _____
                Marilyn Hall Patel
                United States District Judge